UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                                      Case No. 3:19-cr-219

          Plaintiff,

    v.                                                              MEMORANDUM OPINION
                                                               AND ORDER

Sheldon Reed Wendel,

          Defendant.

## I.    INTRODUCTION AND BACKGROUND

Defendant Sheldon Reed Wendel, who currently is incarcerated at Federal Correctional Institution Milan, located in Milan, Michigan, seeks an order granting him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 48). The government filed a brief in response. (Doc. No. 56). Wendel then filed a brief in reply. (Doc. No. 58).

On April 3, 2019, Wendel was charged by indictment with two counts of importation of a controlled substance into the United States, in violation of 21 U.S.C. §§ 952(a) and 960; one count of money laundering, in violation of 18 U.S.C. § 1956(a)(2); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1). Wendel subsequently pled guilty to all counts, and I sentenced him to a term of 78 months in prison as to each count, to be served concurrently. (Doc. No. 38). Wendel did not appeal.

## II.    ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the

defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Wendel has complied with the exhaustion requirement, as more than 30 days passed between the date on which he submitted his administrative request and the date on which he filed his motion.

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Wendel argues there are extraordinary and compelling reasons to justify compassionate release because he suffers from severe asthma and therefore is at a high risk of experiencing severe consequences if he were to contract Covid-19. (Doc. No. 48 at 8-9).

The Sixth Circuit Court of Appeals has weighed in on the impact of vaccine availability on motions for compassionate release under § 3582(c)(1)(A)(i). In *United States v. Lemons*, the Sixth Circuit "agree[d] with the Seventh Circuit that a defendant's incarceration during the COVID-19

2

pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason' warranting a sentence reduction." 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)).

The court went on to explain its understanding of "access." An inmate who is "'unable to receive or benefit from a vaccine' may still be able to show 'extraordinary and compelling reasons' warranting a sentence reduction." *Lemons*, 15 F.4th at 751 (quoting *Broadfield*, 5 F.4th at 803). "But if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that COVID-19 constitutes an extraordinary and compelling justification." *Lemons*, 15 F.4th at 751 (citing *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) and *Broadfield*, 5 F.4th at 803)).

The government represents, and Wendel does not dispute, that Wendel has declined to receive a Covid-19 vaccination. (Doc. No. 56 at 6). Wendel has not presented any evidence that he is unable to receive the vaccine. Therefore, I must deny his motion for compassionate release on this basis. *See Lemons*, 15 F.4th at 751.

Wendel next argues I should grant him compassionate release so that he can care for his mother. The policy statement contained in § 1B1.13(b) of the Federal Sentencing Guidelines suggests that extraordinary and compelling reasons sufficient to justify compassionate release may exist in the event of "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Wendel asserts he would be the only available full-time caregiver for his mother, who suffers from health conditions which "prevent her from driving" and have resulted in seizures in the past. (Doc. No. 48 at 12).

While I sympathize with Wendel's concerns for his mother and applaud his desire to help, he has not submitted competent evidence that his mother is unable to care for herself. Ms. Wendel's

general assertion she is unable to "manage her home" is not sufficient to demonstrate that she is incapacitated. *See United States v. Romano*, --- F. Supp. 3d ---, 2023 WL 8735203, at *3 (E.D.N.Y. 2023) (denying defendant's motion for compassionate release due to failure to "attach any medical evidence or opinions (or similarly competent evidence)" to establish incapacitation of defendant's father). Therefore, I deny his motion on this basis.[1]

Finally, Wendel argues his sentencing guidelines range was calculated incorrectly, due to the application of a higher drug conversion ratio for synthetic cathinones. (Doc. No. 48 at 6-8). He contends he "does not present the issue so as to attack his conviction or sentence, but rather presents the issue of disparity and incorrect applicable guidelines range for the Court's consideration of § 3553(a) factors when determining if a sentence reduction under § 3582(c) is warranted." (*Id.* at 6). Wendel asserts the allegedly incorrect guidelines calculation cause a two-level increase in his base offense level. (Doc. No. 58 at 10).

To the extent this argument is not rendered moot by my denial of his other compassionate release arguments, I deny Wendel's motion on this basis as well. Challenges to a guideline-range calculation are not subject to collateral attack, whether under 28 U.S.C. § 2255 or otherwise. *See Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018); *Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011). Moreover, even if there was an error in the guidelines calculation, Wendel both agreed to the error and waived any challenge to it. The terms of his plea agreement expressly call for the use of the higher conversion ratio and Wendel agreed to waive his right to appeal or collaterally

---

[1] Because Wendel has not established there are other reasons to support his motion for compassionate release, I need not address his arguments regarding his rehabilitation efforts. (Doc. No.48 at 16-18; Doc. No. 58 at 10-13). *See, e.g., United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) (rehabilitation efforts do not constitute an extraordinary and compelling reason justifying compassionate release). I note that I applaud him in those efforts, as they will help ensure his success after he serves the incarceration portion of his sentence.

challenge that portion of his plea agreement. (Doc. No. 24 at 7-9). Thus, Wendel fails to show he is entitled to relief on this basis.

### III. CONCLUSION

For these reasons, I deny Wendel's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 48).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge